UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 4586 |
| | ) | |
| UNION PACIFIC RAILROAD and | ) | |
| TRANSPORTATION | ) | |
| COMMUNICATIONS UNION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

In accordance with our July 26, 2005 order, and following consideration of this matter by the Executive Committee, we now reconsider Plaintiff George Mitchell's application to proceed *in forma pauperis* with his Amended Complaint (filed July 8) and his motion for appointment of counsel. As set forth below, we deny Mitchell's petitions and dismiss the case with prejudice.

Before granting leave to file *in forma pauperis* under 28 U.S.C. § 1915, we typically first determine whether or not a plaintiff's allegation of poverty is untrue. For purposes of this motion, however, we will assume that Mitchell's allegation of poverty is true based on his original June 23, 2003 application and financial affidavit.[1] Thus, we turn immediately to conduct an initial review of Mitchell's Amended Complaint. We must dismiss the action if we

---

[1] Because we deny Mitchell's application on other grounds, we do not evaluate his indigence or the related question of whether updated financial information would be necessary. Mitchell's original affidavit reported a monthly income of $104 in unemployment, falling well below the poverty threshold. (*See* Health and Human Services 2005 Poverty Guidelines, listing the poverty threshold for a single-person family at $9,750.)

find that (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).  As to the second factor, failure to state a claim, we apply the familiar criterion found in Rule 12(b)(6), which warrants dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Where, as here, a plaintiff is proceeding *pro se*, we have a special responsibility to construe the complaint liberally.  *See Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996).  Nonetheless, viewing Mitchell's Amended Complaint liberally, we find that it fails to state a claim on which relief may be granted.

According to the Amended Complaint, Mitchell worked with Union Pacific Railroad ("UPRR") as an extra board clerk.  The Transportation Communications Union ("TCU") represented Mitchell, whose employment was governed by the terms of a collective bargaining agreement and an Extra Board Agreement ("EBA").  In 1999 and 2001, Mitchell filed two grievances with the TCU, alleging violations of the EBA.  After TCU declined to process these grievances, Mitchell sought relief before the National Railroad Adjustment Board ("NRAB").  He presented several questions relating to his two claims (MS-Nos. 36734 and 36745) for the NRAB's review.  The NRAB deadlocked and submitted the matters to a neutral referee, as required by the Railway Labor Act ("RLA").  *See* 45 U.S.C. § 153(l).  After a May 8, 2003 hearing, the NRAB (with the neutral referee) dismissed Mitchell's claims because it lacked

jurisdiction to address the questions presented. The award notifications in each case[2] indicated that the NRAB concluded that Mitchell did not properly raise his complaints in the usual manner. *See* 45 U.S.C. §153(i) (requiring employees and carriers to first handle grievances "in the usual manner" as prescribed by agreement or custom).

Mitchell challenges the dismissal of his claims in this Court, pursuant to 45 U.S.C. § 153(q). He requests that we void the awards, enter findings against the Defendants, and award back pay and benefits. Unfortunately for Mitchell, the scope of judicial review of NRAB decisions under the RLA is "among the narrowest known to the law." *Union Pac. R.R. v. Sheehan*, 439 U.S. 89, 91 (1978). Indeed, the RLA provides only three grounds on which this Court may overturn the NRAB's ruling: (1) failure of the NRAB to comply with the requirements of the RLA; (2) failure of the NRAB to conform, or confine itself, to matters within the scope of its jurisdiction; and (3) fraud or corruption. *Sheehan*, 439 U.S. at 93 (citing 45 U.S.C. § 153 First (q)).[3] Here, Mitchell invokes the first and third grounds for judicial review.

The Complaint alleges that "the NRAB failed to comply with the requirements" of the RLA because (1) the award lacks the signatures of the majority members, as required by 45 U.S.C. § 158(g); and (2) the neutral arbitrator failed to confine the scope of the hearing and awards to the questions Mitchell presented, as required by 45 U.S.C. § 157 Third (c). (Am.

---

[2] Mitchell attached the award notifications to his original complaint. In addition, we received and reviewed the record of proceedings from the NRAB, which included the award notifications and the underlying briefs submitted by the parties.

[3] Although courts in the Seventh Circuit also recognize due process as a fourth basis for review, Mitchell does not claim that Defendants violated his right to due process. *See Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999); *IBEW v. CSX Transp. Inc.*, 369 F. Supp. 2d 982, 985, 988-989 (N.D. Ill. 2005).

Compl. ¶¶ 25, 28, 32.) In doing so, Mitchell confuses the procedures applicable to proceedings before the NRAB with those governing the voluntary ad hoc arbitration of disputes under the RLA. *Compare* 45 U.S.C. §§ 153 First (i)-(o) *with* 45 U.S.C. §§ 157-158. The RLA permits three types of arbitration tribunals to render binding decisions: "the national and regional adjustment boards, the special adjustment boards known as 'public law boards' . . . and the ad hoc arbitrators authorized by [S]ection 157 First." *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1199-1200 (7th Cir. 1987). As the Seventh Circuit observed in *Hill*, "the methods of selecting arbitrators and the procedures they follow differ somewhat among the types of tribunal." *Id.* at 1199. While Sections 157 and 158 govern the ad hoc arbitration of disputes under the RLA, they are "not applicable to arbitration before the adjustment boards or the public law boards." *Id.*; *Anderson v. Amtrak*, 754 F.2d 202, 204 n.4 (7th Cir. 1984) (per curiam) (noting that Section 157 does not apply to public law boards). As a result, Mitchell's claim that the NRAB and neutral referee failed to comply with the requirements of Sections 157 and 158 is baseless.

He also alleges that the Defendants – UPRR and TCU[4] – "willfully committed fraud upon the board and worked corruption to the findings of the arbitrator." (Am. Compl. ¶ 31.) Under Section 153 First (q), a reviewing court may set aside an NRAB order "for fraud or corruption *by a member of the division making the order*." 45 U.S.C. § 153 First (q) (emphasis added). Rather than alleging fraud on the part of any NRAB member, however, Mitchell claims that UPRR and TCU committed "fraud upon the board" and engaged in corrupt conduct that somehow affected the arbitrator's findings. Without more, and without implicating a relevant NRAB member as

---

[4] We dismissed the NRAB from the action on July 26, 2005, based on the Seventh Circuit's May 10 decision in Mitchell's related appeal, Case No. 03-3951.

required by the RLA, such a bald assertion is insufficient to state claim falling within our jurisdiction. *Steffens v. Bhd. Ry., Airline & Steamship Clerks, Freight Handlers, Express & Employees*, 797 F.2d 442, 448 (7th Cir. 1986); *Mitchell v. Union Pac. R.R.*, No. 05 C 2193, 2005 WL 1189599, at *4 (N.D. Ill. May 16, 2005); *Podlasek v. Grand Trunk W. R.R.*, No. 90 C 4109, 1990 WL 251749, at *2 (N.D. Ill. Dec. 14, 1990).

## *CONCLUSION*

Because Mitchell's claims do not fall within the grounds for review authorized by Section 153(q) of the RLA, we lack jurisdiction to consider them. Accordingly, we hold that Mitchell's complaint fails to state a claim upon which relief can be granted and is dismissed with prejudice.[5] As such, we deny his petition to proceed *in forma pauperis* and motion for appointment of counsel. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Date: November 1, 2005

---

[5] As we dispose of Mitchell's Amended Complaint on previously unexplored grounds, we need not reach the exhaustion issue identified by the Seventh Circuit in its May 10, 2005 remand order.